IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, | ) CIVIL ACTION NO. 9:17-0809-RMG-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| NFN Bogel, Jr., Governor Nikki Haley, John Magill, Holly Scaturo, Dr. Amy S. Sulan, Dr. NFN Gehle, George Bishop, Jr., and Charles T. Brooks, III, | ) |
| Defendants. | ) |

The action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, but was removed to this Court by the Defendants on March 27, 2017 on the grounds that Plaintiff is asserting claims for violations of his federal constitutional rights.

On April 12, 2017 Plaintiff filed a motion to remand the action back to state court. However, Plaintiff's motion, while asking this Court to dismiss his claims without prejudice and decline to exercise supplemental jurisdiction over his state court claims, did not make clear whether he was dropping or withdrawing the federal causes of action originally asserted in his Complaint. In their response, Defendants did not oppose remand if Plaintiff was dropping his federal claims, but did oppose Plaintiff's motion to remand if he is continuing to allege violations of his federal constitutional rights.

Based on the foregoing, an Order was entered on May 9, 2017 requiring Plaintiff to specifically advise the Court, in writing, within fifteen (15) days, as to whether he is asserting only



state law causes of action in this case, or whether he is asserting federal constitutional claims (or, alternatively, both state *and* federal claims). Plaintiff was further advised that if he is only asserting state law causes of action in this lawsuit, then a recommendation for remand of this case back to state court would be entered. If, however, Plaintiff advised the Court that he is pursuing federal claims (or if Plaintiff failed to respond or advise the Court and the Defendants what claims he is asserting), then a recommendation for denial of Plaintiff's remand motion would be entered.

Plaintiff has now filed a response stating that he does not intend to drop his federal claims. See Court Docket No. 20. Plaintiff further states in his response that, although he would prefer that this matter be remanded for the State court to consider his claims, he would "leave[ ] it up to [the] court as to whether to remand this [case] back to [state] court or to proceed in federal court".

Since Plaintiff has advised the Court that he is continuing to assert his federal claims, the Defendants' removal of this case to federal court was proper. Darcangelo v. Verizon Comm'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002) [The removal statute, 28 USC § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there]. Therefore, it is **recommended**[1] that Plaintiff's motion to remand be **denied**.

---

[1] While many Courts have held that orders on motions for remand are non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order on a motion for remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles
(continued...)



The parties are referred to the notice page attached hereto.

                                                              _____
                                                              Bristow Marchant
                                                              United States Magistrate Judge

May 31, 2017
Charleston, South Carolina

---

¹(...continued)
& Space Co., 783 F.Supp. 249 (D.S.C. 1992); see Jones v. Unison Ins. Co., No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) [Noting that Fourth Circuit has not addressed question of whether Magistrate Judge may issue remand orders in non-consent cases]; Stanion v. Staley, No. 16-750, 2016 WL 3629087 at * 1, n. 1 (D.N.C. June 29, 2016); William E. Smith Trucking, Inc. v. Rush Trucking Centers of North Carolina, Inc., No. 11-887, 2012 WL 214155, at * 2-6 (M,D.N.C. Jan. 24, 2012) [Analyzing relevant statutes and caselaw and finding that remand order is nondispositive]; Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), cert. denied, 541 U.S. 987 (2014)[unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court]. While the undersigned has issued orders on motions for remand in some circumstances, in light of Plaintiff's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered for review by the District Judge.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

